### WESTMORELAND v. WHELCHEL, sheriff, et al.

No. 7378. MAY 16, 1930.

*Oscar Brown* and *G. W. Westmoreland,* for plaintiff.
*J. B. G. Logan,* for defendants.

HILL, J. A. G. Westmoreland was summoned to appear and work certain roads in Banks County, which had adopted the alternative road law. He failed to appear, and was arrested and carried before the board of county commissioners of Banks County to answer why he should not be punished as a road defaulter. He appeared and did not give a legal excuse as to why he had not worked

the roads, or paid the alternative road tax. The board of county commissioners entered a fine against Westmoreland, and ordered that in default of payment of the fine he be placed in the chaingang of the county. The commissioners also adopted an order to create a county chaingang and appointed a warden therefor, but at the time of the sentence the chaingang was not completely organized. Westmoreland then filed a petition for habeas corpus, alleging that the act creating the board of commissioners of roads and revenues of Banks County was unconstitutional and void for various reasons, and that the sentence of the commissioners was illegal for other reasons, including the fact that no chaingang had been legally established and that he had worked the roads in the previous year more than the time required of him by law, and that the value of this road work should be set off against his present fine. After hearing evidence and argument in the case the trial judge made an order reciting "that now the chaingang is properly organized," etc., and directing that Westmoreland be summoned by the said commissioners before the date set for a hearing, and that the said commissioners sentence him as a road defaulter. To this judgment Westmoreland excepted. After considering carefully the record and each of the exceptions to the order of the judge, it is held that there was no error in the judgment rendered, for any reason assigned.

*Judgment affirmed. All the Justices concur.*

GILBERT, J., concurs in the judgment of affirmance on the ground that the evidence does not show the applicant to be under arrest, or in any manner deprived of his liberty.

ATKINSON and HINES, JJ., concur in the result.